UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYVON L. BOATMAN,

    Plaintiff,

v.                                  Case No. 2:21-cv-176-JES-MRM

DONALD SAWYER, EMILY SALEMA,
BRIAN LIBEL, J.P. CARNER, DCF
WELLPATH RECOVERY SOLUTIONS GEO
GROUP, SVPPD, CORRECT CARE
RECOVERY, M. MASTERS, and JOHN
DOE CIRCUIT COURT JUDGE/CLERK
OFFICE,

    Defendants.
_____

## ORDER OF DISMISSAL

This cause is before the Court for consideration of Plaintiff Rayvon L. Boatman's pro se civil rights complaint filed against thirteen employees of the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida. (Doc. 1, filed February 26, 2021). Plaintiff filed a motion to proceed in forma pauperis on the same day. (Doc. 2). He seeks to bring this complaint as a class action on behalf of himself and other FCCC residents, and has accordingly filed a "Motion for Certification of Class" and a "Motion for Appointment of Counsel." (Doc. 3; Doc. 4).

Because Plaintiff seeks to proceed in forma pauperis, the Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief

1

may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). For the reasons given below, the Court dismisses this action without prejudice to any individual resident filing his own complaint.

## I. Complaint

Plaintiff initiated this action on February 26, 2021 by filing a 21-page, 8-point-font, complaint along with 63 pages of exhibits related to COVID-19 infections within the FCCC. (Doc. 1; Doc. 1-1). Plaintiff purports to bring the complaint as a class action on behalf of "all present and future residents and COVID-19 positive residents and non-positive residents of the Florida Civil Commitment Center." (Doc. 1 at 6). Plaintiff generally asserts that it is impossible for the residents to stay sanitary or socially distant at the facility, and as a result, the defendants are not keeping the residents safe. Plaintiff seeks compensatory and punitive damages of $198,000 per day per resident for each day they have been held at the FCCC. (Id. at 12-13). He also seeks the release of all vulnerable FCCC residents. (Id.)

## II. Standard of Review

A federal district court is required to review a civil complaint filed in forma pauperis and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). The mandatory language

2

of 28 U.S.C. § 1915 applies to all proceedings in forma pauperis.[1] Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal-
>
>> (i)  is frivolous or malicious;
>>
>> (ii)  fails to state a claim on which relief may be granted; or
>>
>> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit or the claim seeks to enforce a

---

[1] Despite Plaintiff's non-prisoner status, his amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it dismissed a complaint filed by a civil detainee for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (determining that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding in forma pauperis).

right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).") That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In making the above determinations, all factual allegations (as opposed to legal conclusions) in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

4

### III. Analysis

**A. Plaintiff cannot bring a civil rights action on behalf of his fellow detainees.**

Plaintiff filed this complaint on behalf of all present and future FCCC residents. He attached numerous affidavits from residents detailing their experiences with the facility's COVID-19 response, and he also provided the COVID-related medical records of several residents who tested positive for the virus. (Doc. 1-21). A prerequisite for class-action certification is a finding by the Court that the representative party or parties can "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). The Court cannot make this finding. The Eleventh Circuit has been clear that a non-lawyer proceeding pro se may not represent the interests of others. See Bass v. Benton, 408 F. App'x 298, 298 (11th Cir. 2011) ("We have interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed pro se, as providing 'a personal right that does not extend to the representation of the interests of others.' ")(quoting Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)); Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) ("It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")[2]

---

[2] Notably, Plaintiff also moves the court to appoint counsel. (Doc. 3). Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by

5

Accordingly, this "class-action" complaint will be dismissed without prejudice—and all pending motions denied without prejudice—to each resident filing his own 42 U.S.C. § 1983 complaint and any appropriate motions.

### B. Plaintiff has not stated a claim upon which relief may be granted.

Even if the Court construes the complaint as filed solely on behalf of Plaintiff, he has not stated a claim upon which relief can be granted. Although he repeatedly asserts that the FCCC's response to the COVID-19 has been a "train wreck," Plaintiff's alleged harm is based solely on generalized COVID-19 fears and speculation.

Though a pro se party's pleading is liberally construed by courts, the litigant is not relieved from following procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

---

exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). The facts, as alleged by Plaintiff, show no more than a general disagreement with the FCCC's management of the COVID-19 pandemic, so appointment of counsel would not be appropriate. See Smith v. Warden, Hardee Corr., Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015) (finding that the district court did not abuse its discretion by failing to appoint counsel in a class action he filed against the Florida Department of Corrections about inmates' exposure to cold weather because the issues were not novel or complex). The Eleventh Circuit has never determined that a plaintiff's wish to proceed in a class action, standing alone, constitutes an "exceptional circumstance." If an individual resident of the FCCC can state a COVID-19 related 42 U.S.C. § 1983 claim, he may bring his own suit and move for appointment of counsel at that time if the facts of his case would support such a motion.

6

Rule 8(a) of the Federal Rules of Civil Procedure sets standards for the contents of pleadings, and requires complaints to provide a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and a "demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Rule 10(b) regulates the <u>form</u> of those pleadings, stating that a "party must state its claims or defenses in numbered paragraphs" and must assert "each claim founded on a separate transaction or occurrence" in a "separate count." Fed. R. Civ. P. 10(b).

Pleadings that do not comply with Rules 8 and 10 fail to give the defendants "adequate notice of the claims against them and the grounds upon which each claim rests" and are called "shotgun" pleadings. <u>Weiland v. Palm Beach County Sheriff's Office</u>, 792 F.3d 1313, 1323 (11th Cir. 2015). In <u>Weiland</u>, the Eleventh Circuit roughly grouped shotgun pleadings into four groups. <u>Id.</u> at 1321-23. Included are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," or assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." <u>Id.</u>

Plaintiff's complaint falls into both of these groups. While he generally asserts that the defendants acted with deliberate

7

indifference and gross negligence, and expresses displeasure with the residents' housing assignments (believing that the housing assignments contributed to the spread of COVID-19), he does not provide a single additional fact to support the claim. Nor does he explain how each defendant's actions were unconstitutional or why he believes he is entitled to $198,000 in damages per day since the beginning of the pandemic. In other words, the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation omitted). Therefore, Plaintiff's complaint neither complies with the Federal Rules of Civil Procedure nor states a claim upon which relief can be granted, and the complaint must be dismissed. Fed. R. Civ. P. 8, 10; 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is now **ORDERED**:

1. Plaintiff's class action complaint (Doc. 1) is **DISMISSED without prejudice** to any individual plaintiff filing his or her own 42 U.S.C. § 1983 complaint along with a filing fee or motion to proceed as a pauper.[3]

---

[3] Plaintiff is cautioned that the Court will instruct the Clerk to return any future complaints that use a font size smaller than 12 points.

2. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED as moot,** and Plaintiff is not assessed a filing fee.

3. Plaintiff's motion for class certification (Doc. 4) is **DENIED.**

4. Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED.**

5. The **Clerk of Court** is directed to deny any additional pending motions as moot, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on July 21, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties